IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| U HANGING SEVEN RANCH, INC., a Montana profit corporation, QUARTER CIRCLE UU RANCH, a Montana profit corporation, and CODY JOHNSON, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ONEOK ELK CREEK PIPELINE, L.L.C., a foreign limited liability company,<br><br>Defendant. | CV 22-21-BLG-SPW-KLD<br><br>ORDER and<br><br>FINDINGS & RECOMMENDATION |

This matter is before the Court on a motion by Plaintiffs U Hanging Seven Ranch, Inc., Quarter Circle UU Ranch, and Cody Johnson (collectively "Plaintiffs") to remand this case to state court pursuant to 28 U.S.C. § 1447(d).[1]

---

[1] Plaintiffs have also filed an unopposed motion for leave to file an Amended Complaint. (Doc. 20). The proposed Amended Complaint alleges some additional background facts and includes other minor amendments, but is substantively the same as the original state court Complaint. (Compare Doc. 5 with Doc. 21). The requirements of Federal Rule Civil Procedure 15(a)(2) having been met, and with no objection from Defendant, Plaintiffs' motion to file an Amended Complaint is

1

(Doc. 6.) For the reasons stated below, the Court recommends the motion be granted and this case be remanded to the Montana Sixteenth Judicial District Court, Fallon County.

**I.    Background**

On March 28, 2019, U Hanging Seven Ranch and Quarter Circle UU Ranch entered identical Easement and Right-of-Way Agreements ("Agreements") with Defendant ONEOK Elk Creek Pipeline, L.L.C. (Doc. 21, at ¶¶ 7-8; Docs. 7-1 & 7-2). Pursuant to the Agreements, U Hanging Seven Ranch and Quarter Circle UU Ranch granted Defendant an easement over properties located in Fallon County, Montana for the purpose of building, maintaining, and operating a petroleum pipeline. (Doc. 7-1, at 1; Doc. 7-2, at 1). Quarter Circle UU Ranch and U Hanging Seven Ranch own the properties on which the easement is located. (Doc. 21, at ¶ 11; ). Fenced pastures underlying the easement area enclosed certain cattle in various pastures, and U Hanging Seven Ranch owned the cattle that roamed the properties. (Doc. 21, at ¶ 23-24). Plaintiff Cody Johnson ("Johnson") signed the Agreements in his capacity as president of U Hanging Seven Ranch and Quarter Circle UU Ranch. (Doc. 7-1, at 16; Doc.7-2, at 16).

---

hereby granted. The Court will consider the Amended Complaint the operative pleading for purposes of addressing Plaintiffs' motion to remand.

The Agreements contain identical forum selection clauses that provide: "This Agreement shall be governed by the laws of the State of Montana, and the venue of any action brought concerning the interpretation or enforcement of this Agreement shall be proper in the County in which the Property is located."[2] (Doc. 7-1, at 12; Doc 7-2, at 12). Each Agreement further provides that "Grantor reserves … the right to use the Property for any purpose, including agriculture, ranching, farming, grazing of livestock, or any other use which is necessary and identical to ranching and other agricultural activities," and "Grantee shall make reasonable efforts not to disturb Grantor's activities on the Property to the extent such activities are consistent with Grantee's rights under this Agreement." (Doc. 7-1, at 3, 4; Doc. 7-2, at 3, 4). The Agreements also contain identical Compensation and Indemnity Provisions, which provide, in part, that Defendant "shall reasonably compensate [Plaintiffs] for loss or damage to crops, pastures, fences, structures, … or any other damages to the Property, improvements, personal property or livestock caused by or resulting from [Defendant's] use or occupancy of the Property…." (Doc. 7-1, at 5; Doc. 7-2, at 5). The Compensation and Indemnity provisions further state that Defendant "shall reasonably compensate for any

---

[2] The Agreements identify this provision as a "Governing Law" clause. As do the parties, the Court will refer to the provision as a forum selection clause.

damages to real or personal property" caused by Defendant's "operations, activities, actions or inactions." (Doc. 7-1, at 6; Doc. 7-2, at 6).

On September 21, 2021, Plaintiffs filed this action in the Montana Sixteenth Judicial District Court for Fallon County. (Doc. 5). Plaintiffs claim that Defendant's subcontractor "broke fence gates, left gates open and unattended, and broke underground water pipes." (Doc. 21, at ¶ 28). They allege that cattle continually escaped from pastures as a result of Defendant's conduct, and on one occasion Johnson was charged by a bull and sustained serious bodily injuries while attempting to return cattle to the correct pasture. (Doc. 21, at ¶¶ 30-32). Plaintiffs further allege that "[a]s a result of the gates being broken and left open" on the property, several cows were bred and calved too early in the year, which resulted in damage to the herd. (Doc. 21, at ¶¶ 33-38). Plaintiffs also claim that three cows and one breeding-age bull were killed by Defendant's pipeline construction, and one cow died after ingesting netting left by the subcontractor. (Doc. 21, at ¶39). Based on these allegations, Plaintiffs bring claims against Defendant for breach of contract, negligence, trespass, conversion, and actual malice. (Doc. 21, at 10-14).

On March 7, 2022, Defendant timely removed the Complaint to the Billings Division of this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. (Doc. 1, at 3). Plaintiffs move to remand to state court in Fallon County pursuant to 28 U.S.C. § 1447(d) based on the Agreements' forum selection clause.

## II. Legal Standard

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005) (citation omitted). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris*, USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotations omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Gaus,* 980 F.2d at 566.

## III. Discussion

In cases removed based on diversity jurisdiction, federal law governs the interpretation and enforceability of forum selection clauses. *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988). Even if a court has subject matter jurisdiction over a removed case, it may remand the case based on an enforceable and valid forum selection clause. *American Contractors Indemnity*

*Co. v. DeCal Construction, LLC*, 2018 WL 4350063, *1 (C.D. Cal. Sept. 11, 2018) (citing *Kamm v. ITEX Corp.,* 568 F.3d 752, 756 (9th Cir. 2009)).

"[F]orum selection clauses are prima facie valid" and should be enforced unless the party challenging enforcement can show that the clause is "unreasonable under the circumstances." *Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (internal citations and quotations omitted).

When interpreting a contractual forum selection clause, district courts apply basic principles of contract interpretation. *Yankeecub, LLC v. Fendley*, 2021 WL 3603053, at *2 (D. Mont. 2021) (citing *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018); *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). Under those general principles, contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, courts ascertain the intent of the parties from the contract itself.

*Yankeecub*, 2021 WL 3603053, at 2 (citing *Ferrari, Alvarez, Olsen & Ottoboni v. The Home Insurance Company*, 940 F.2d 550, 553 (9th Cir. 1991)).

A forum selection clause may be either permissive or mandatory, and may address venue, jurisdiction, or both. Under the prevailing rule in the Ninth Circuit, when venue is specified with mandatory language, the forum selection clause will be enforced. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). But "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider*, 875 F.2d at 764. See also *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (recognizing that "in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction").

A permissive clause allows suit to be brought in a particular forum, but does not preclude litigation elsewhere. *Credit Corp. v. N.J. Christian Academy, Inc.*, 307 F.Supp.3d 993, 1007 (N.D. Cal. 2018). "A forum selection clause is permissive when the parties merely consent to bestow jurisdiction on a court without stating that the court has exclusive jurisdiction to hear their disputes." *Docksider*, 875 F.2d at 764.

The forum selection clause at issue here provides as follows: "This Agreement shall be governed by the laws of the State of Montana, and the venue of

7

any action brought concerning the interpretation or enforcement of this Agreement shall be proper in the County in which the Property is located." (Doc. 7-2, at 12; Doc. 7, at 4). Plaintiffs argue that the forum selection clause mandates venue in the county where the property is located. Because the property that is the subject of both Agreements is located in Fallon County, Plaintiffs argue that venue is mandated in the Montana Sixteenth Judicial District Court in Fallon County. (Doc. 7, at 4).

In response, Defendant does not argue that enforcement of the forum selection clause would be unreasonable for any of the reasons identified above, but rather that the clause is permissive, not mandatory. Although the word "shall" is a mandatory term, Defendant contends the forum selection clause is permissive rather than mandatory because it does not contain additional language stating that Fallon County is the exclusive venue for any action concerning the interpretation or enforcement of the Agreement. Without such language, Defendant argues, the forum selection clause is permissive and does not preclude the parties from litigating a dispute arising under the Agreement in a different venue.

To support this argument, Defendant relies primarily on *Hunt Wesson,* in which the parties entered a contract with the following forum selection clause:

> Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation, and effect of this Contract. The courts of California, County of Orange shall have jurisdiction over the

parties in any action at law relating to the subject matter or interpretation of this contract.

*Hunt Wesson*, 817 F.2d at 76. The Ninth Circuit held this clause was permissive because it said "nothing about the Orange County courts having exclusive jurisdiction." *Hunt Wesson*, 817 F.2d at 77. The Ninth Circuit agreed that "the word 'shall' is a mandatory term," but found it mandated "nothing more than that the Orange County courts have jurisdiction" and did not preclude the parties from litigating the same subject matter in any other court. *Hunt Wesson*, 817 F.2d at 77.

Defendant contends the forum selection clause at issue here is "just like the one" in *Hunt Wesson*, and should be interpreted as permitting, rather than mandating, venue in Fallon County. (Doc. 9, at 6). But unlike the *Hunt Wesson* clause, which addressed jurisdiction only, the clause at issue here does not address jurisdiction at all and instead specifies with mandatory language that venue for disputes arising under the Agreements shall be in Fallon County.

Noting these distinctions, Plaintiffs maintain that the Ninth Circuit's decision in *Docksider* is more analogous to the case at hand. In *Docksider*, the forum selection clause agreed to by the parties addressed both jurisdiction and venue, and provided, in relevant part: "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider*, 875 F.2d at 763. The Ninth Circuit concluded that the clause was mandatory, and

9

"clearly designate[d] the state court in Gloucester County, Virginia as the exclusive forum."  In doing so, the Ninth Circuit distinguished *Hunt Wesson* on the ground that the forum selection clause in that case addressed jurisdiction only and did not contain a mandatory venue provision. *Docksider*, 875 F.2d at 764, 765. Having distinguished *Hunt Wesson*, the *Docksider* court interpreted the forum selection clause to mean that the parties "not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the [parties'] agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county." *Docksider*, 875 F.2d at 764.

The forum selection clause at issue here does not address jurisdiction, but mandates that "the venue of any action brought concerning the interpretation or enforcement of this Agreement shall be proper in" Fallon County, where the property is located. (Doc. 7-2, at 12; Doc. 7, at 4).  As *Docksider* instructs, "where venue is specified with mandatory language the clause will be enforced." *Docksider*, 875 F.2d at 764. Because the forum selection clause specifies with mandatory language that venue for any action arising under the Agreements "shall be" in Fallon County, the clause is enforceable.

Even assuming the forum selection clause's venue provision is mandatory and enforceable, however, Defendant argues that venue is proper in the Billings

10

Division of this Court because the Billings Division includes Fallon County. See Local Rule 1.2(c)(1). This argument directly conflicts with controlling Ninth Circuit law. In *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1307 (9th Cir. 2019), the Ninth Circuit addressed a forum selection clause stating that "[v]enue for litigation shall be in Linn County, Oregon." Notwithstanding this provision, the defendant removed the case from state court in Linn County to the Eugene Division of the United States District Court for the District of Oregon. *City of Albany*, 924 F.3d at 1307. The Eugene Division includes Linn County, but there is no federal courthouse located in Linn County. *City of Albany*, 924 F.3d at 1307. Instead, the federal courthouse for the Eugene Division is located in Lane County. *City of Albany*, 924 F.3d at 1307.

Despite the absence of a federal courthouse in Linn County, the defendant in *City of Albany* argued that the forum selection clause was ambiguous as to whether removal to federal court was permitted, and took the position "that a federal court may reasonably be deemed to be 'in' a county merely by virtue of its judicial authority over cases that arise in that county." *City of Albany*, 924 F.3d at 1307. The Ninth Circuit rejected this argument, holding instead that "[a]n agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county." *City of Albany*, 924 F.3d at 1308. As interpreted by the Ninth

Circuit, "[t]he clear import of the venue-selection clause … was to ensure that any litigation arising out of the contracts would take place within the geographic boundaries of Linn County." *City of Albany*, 924 F.3d at 1308. Because litigation would have taken place in Lane County if the case had proceeded in federal court, the Ninth Circuit held that permitting the defendant "to remove the case to federal court would violate the plain terms of the parties' agreement." *City of Albany*, 924 F.3d at 1308.

The same is true here. As explained above, the forum selection clause agreed to by the parties mandates that any litigation arising under the Agreements shall be venued in Fallon County. The Billings Division to which this case has been removed includes Fallon County, but the federal courthouse for the Billings Division is located in Yellowstone County. There is no federal courthouse located in Fallon County. Applying the rule announced in *City of Albany* here, the Court concludes that the forum selection clause limiting venue for litigation to Fallon County unambiguously prohibits litigation in federal court because there is no federal courthouse located in Fallon County. *City of Albany*, 924 F.3d at 1308. Thus, the only way to effectuate the forum selection clause is to limit venue for litigation to the state court in Fallon County. See *City of Albany*, 924 F.3d at 1309.

Before concluding that remand is required, however, the Court addresses a final argument raised by Defendant in opposition to remand. Even assuming that U

Hanging Ranch and Quarter Circle Ranch are entitled to enforce the forum selection clause, Defendant maintains that Johnson is not permitted to do the same because he was not a party to the Agreements, and his claims must remain in federal court.

As the Ninth Circuit recognizes, "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci America, Inc.* 858 F.2d 509, 514 n. 5 (9th Cir. 1988). For purposes of determining whether a forum selection clause applies to a non-party to the agreement, the Ninth Circuit applies a test that asks whether the non-party's claims or alleged conduct are "closely related" to the rights and duties enumerated in the agreement. *Manila Industries, Inc. v. Ondova Ltd. Co.*, 334 Fed. Appx. 821, 823 (9th Cir. 2009) (unpublished) (citing *Manetti-Farrow*, 858 F.2d at 514, 514 n. 5). This test is satisfied if the non-party's claims "cannot be adjudicated without analyzing whether the parties were in compliance with the contract," and thereby fall "within the scope" of the forum selection clause. *Manila Industries,* 334 Fed. Appx. at 823 (citing *Manetti-Farrow*, 858 F.2d at 514 n. 5). See also *Willis v. Princess Cruise Lines*, 2020 WL 5353984, at *7 (C.D. Cal. May 29, 2020) (citing *Manila Industries*, 334 Fed. Appx. at 823).

Suing in his individual capacity, Johnson brings a negligence claim alleging that Defendant had several duties under the Agreement, including the duty to

require its subcontractor "to respect and close pasture gates." (Doc. 21, at 11 ¶ 47). Johnson alleges that Defendant and its subcontractor breached this duty of care by, among things, "repeatedly breaking and failing to close pasture gates." (Doc. 21, at 11 ¶ 48). Johnson claims that he has "suffered significant damages" as a direct result of Defendant's negligence and carelessness, including "personal injury and resulting medical expenses." (Doc. 21, at 12 ¶ 49). The same alleged conduct is part of the basis for Plaintiffs' breach of contract claim, which alleges that Defendant failed to "to perform the terms of the Agreements as written by adhering to its restrictions for the easement and the construction of the easement, by compensating Plaintiffs for damages crops, structures, fences, cattle, and other liabilities, and by acting reasonably and in accordance with good faith and fair dealing." (Doc. 21, at 11 ¶ 43).

Because Johnson alleges that Defendant negligently breached duties established in the Agreements, his negligence claim cannot be resolved without also considering whether Defendant was in compliance with the terms of its Agreements with U Hanging Seven Ranch and Quarter Circle UU Ranch. Thus, and in light of the allegations in the Amended Complaint, the Court concludes that Johnson's negligence claim "is so closely related to the contractual relationship" that it falls within the scope of the forum selection clause. *Manetti-Farrow*, 858 F.2d at 514 n. 5.

Because Johnson's claims are "closely related" to the Agreements, he is entitled to the benefit of the Agreements' forum selection clause and may invoke the clause against Defendant. This conclusion is further bolstered by the fact that Johnson signed the Agreements in his capacity as president of U Hanging Seven Ranch and Quarter Circle UU Ranch. (Doc. 701, at 16; Doc. 7-2, at 16). See *Comerica Bank v. Whitehall*, 352 F.Supp.2d 1077, 1082 n.6 (C.D. Cal. 2004) (holding that individual defendants who did not sign a contract were "closely related to the contractual relationship because they [were] the owners and directors of … one of the parties to the contract," such that "[t]he forum selection clause can therefore be applied to them as well"); *Willis*, 2020 WL 535984, at *7 (recognizing that for a third-party to be so closely related to the contracting parties that it may be subject to enforcement of a forum selection clause, "the third-party must have an agency relationship with or ownership of a party to the contract").

In sum, the Court concludes that the Agreements' forum selection clause is enforceable and this case is properly venued in state court in Fallon County. Accordingly, this case is properly remanded to the Montana Sixteenth Judicial District Court, in Fallon County.

IV. **Conclusion**

For the reasons discussed above,

IT IS ORDERED that Plaintiffs' unopposed Motion to File Amended Complaint (Doc. 20) is GRANTED; and

IT IS RECOMMENDED that Plaintiffs' Motion to Remand (Doc. 6) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 1st day of August, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge